IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLAH AKBAR BURMAN, #97337-079    :

    Petitioner                          :

  v.                                              :       CIVIL ACTION NO. L-11-1154
                                                   CRIMINAL NO. L-01-0115
UNITED STATES OF AMERICA           :

    Respondent                         :

## MEMORANDUM

Pending is Allah Akbar Burman's ("Burman") Motion filed pro se to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. ECF No. 579. For reasons to follow, the Motion will be dismissed without prejudice for lack of jurisdiction.

## PROCEDURAL BACKGROUND

On January 29, 2003, a jury found Allah Akbar Burman guilty of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of conspiring to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. Burman was sentenced to 360 months imprisonment, followed by 10 years of supervised release. The Fourth Circuit affirmed Burman's conviction on appeal, but vacated and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). See United States v. Burman, 151 F.App'x. 260 (4th Cir. 2005), cert. denied, 546 U.S. 1205 (2006).

Burman was re-sentenced on May 17, 2006, receiving an amended judgment of 360 months imprisonment for each conviction, to be served concurrently, followed by 10 years of supervised release. On May 24, 2006, Burman noted an appeal. The Fourth Circuit upheld

Burman's conviction and affirmed his sentence of 360 months. See United States v. Burman, 225 F. App'x 198 (4th Cir. 2007).

On April 15, 2008, Burman filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he raised four arguments: (1) insufficiency of the search and seizure warrant; (2) insufficiency of the arrest warrant; (3) insufficiency of the indictment; and (4) breach of contract. This Court found the arguments procedurally defaulted and concluded that Burman had failed to show cause or prejudice to excuse default or a miscarriage of justice. On July 29, 2009, the Motion was denied. See Burman v. United States, Criminal No. L-01-0115; Civil Action No. L-08-941 (D. Md).

**DISCUSSION**

Burman seeks collateral relief claiming there has been a miscarriage of justice because: the charges in his second superseding indictment were "facially void"; his judgment and commitment order(s) were "facially void"; his conviction violated his right against double jeopardy; and his arrest warrant was unlawful.[1] ECF No. 579, Motion, p. 5. He claims that these issues are being raised for the first time because he "just became aware this year – of the serious constitutional violations—an[d] how to support them with other facts and law." Id., p. 6.

This Motion is a second or successive § 2255 Motion. Second or successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. See 28 U.S.C. §§2244(b)(3)(A) & 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Since

---

1 Burman provides no factual predicate for his otherwise conclusory and self-serving claims, nor does he suggest evidence of his actual innocence of the offense for which he was convicted.

Burman does not indicate whether he has complied with the procedural requirements for a second or successive § 2255 Motion, it will be dismissed without prejudice for lack of jurisdiction.[2]

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, this Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the petitioner. A Certificate of Appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. See United States v. Hadden, 475 F.3d 652, 659 (4th Cir. 2007). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). Burman does not satisfy this standard and a Certificate of Appealability shall be denied. Denial of a Certificate of Appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

---

2  The Clerk will send an information packet for requesting pre-filing authorization to Petitioner.

## CONCLUSION

To pursue his present claims, Burman must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because he does not present any such certification with his current motion, his successive § 2255 motion must be dismissed without prejudice. Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), and a Certificate of Appealability is denied. A separate Order follows.

May 18, 2011 /s/

_____
Benson Everett Legg
United States District Judge